HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA, WASHINGTON

| | |
|---|---|
| JOYCE A. JEFFERSON,<br><br>      Plaintiff,<br><br> vs.<br><br>RECOVERY INNOVATIONS, INC., (d/b/a RI International), an Arizona Corporation, and Does 1-10,<br><br>      Defendants. | NO. 3:16-cv-05697-BHS<br><br>DEFENDANT RECOVERY INNOVATIONS, INC.'S MOTION FOR LEAVE TO FILE A SURREPLY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION SEEKING COSTS AND FEES FOR SERVICE OF PROCESS<br><br>NOTED FOR HEARING DECEMBER 2, 2016 |

Pursuant to Local Civil Rules 1, 5.2, and 7, Defendant Recovery Innovations, Inc. ("Recovery Innovations," "RI", or "Defendant") respectfully moves the Court for leave to file a surreply in support of Defendant's Opposition to Plaintiff's Motion Seeking Costs and Fees for Service of Process.

## I. SUMMARY

To request payment for a $58.00 service of process cost, and without first requesting payment from Defendant's counsel or otherwise fulfilling the requirements of Civil Rule 4 before seeking relief from this Court, Plaintiff's counsel filed a Motion Seeking Costs and Fees

DEFENDANT RECOVERY INNOVATION, INC.'S MOTION FOR LEAVE TO FILE SURREPLY – PAGE 1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

for Service of Process ("Motion for Fees") seeking over $2,000. Plaintiff's motion has unnecessarily caused a huge waste of resources by the Court and the parties.

Although it was not required to do so, Defendant provided Plaintiff's counsel the $58.00 service of process cost in full on October 28, 2016. Defendant's counsel's firm delivered payment to the Bharti Law Group but inadvertently made the check payable to "Harish Law Group" rather than "Bharti Law Group," which was an obvious clerical mistake. Rather than contacting Defendant's counsel to alert them to any problem, however, Plaintiff addressed it for the first time in her reply in support of the motion before Defendant had an opportunity to correct the error by providing a replacement check for $58.00. After realizing that the payee on the check was inaccurate, Defendant's counsel issued a new check to the Bharti Law Group for $58.00 and voided the prior check. Defendant has now tendered payment to Plaintiff's attorneys for the service of process cost twice in a good faith effort to resolve the issue.

Plaintiff's counsel also improperly filed the first check without redacting this firm's financial bank account information, so it has been publicly accessible in the court record for anyone to see. Had Plaintiff's counsel simply asked Defendant's counsel to provide a new check, it would have been sent to them immediately. Instead, Plaintiff's attorneys are creating even more unnecessary briefing for the parties and time for the Court to seek payment of $58.00, which Defendant has never objected to paying to Plaintiff's counsel.

After the improper filing of the bank account information was brought to their attention, Plaintiff's counsel filed a "Praecipe" apparently to try to correct these rule violations. But the confidential information is still accessible in the public Court file.

Based on its concern about misleading statements in Plaintiff's Reply brief and the bank account information being in the public court file, Defendant filed a Notice of Intent to file this Motion for Leave to File a Surreply pursuant to Civil Rule 7(g). Plaintiff's counsel responded to

DEFENDANT RECOVERY INNOVATION, INC.'S MOTION FOR LEAVE TO FILE SURREPLY – PAGE 2

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

the Notice of Intent as if it were a motion, prematurely filing a nine-page "Opposition to Defendant's Motion for Leave to File Surreply." Plaintiff's counsel again made additional misleading statements to the Court in its opposition, and Defendant is filing this motion to obtain the Court's consent to address these issues.

It is unfortunate that the Court needs to be involved in these issues, but Defendant believes it is necessary to correct the record. Defendant therefore requests leave to file a surreply in order to move to strike certain portions of the Reply and the Opposition in its entirety so that the Court is fully and fairly informed.

This motion is supported by the Declaration of David W. Silke, filed herewith. A copy of Defendant's proposed Surreply is attached hereto as **Exhibit A.**

## II. AUTHORITY

### A. Local Civil Rules 1, 5.2, and 7.

Local Civil Rule 1 states that the rules should be interpreted "to promote the just, efficient, speedy, and economical determination of every action and proceeding." LCR 1. See Fed. R. Civ. P. 1.

Local Civil Rule 5.2 provides that a party shall refrain from including financial accounting information in documents filed with the court, or if inclusion is necessary, redact financial account information to the last four digits. LCR 5.2; Fed. R.Civ. P. 5.2.

Local Civil Rule 7(g) provides that an "opposing party may file a surreply requesting that the court strike the material" in a reply brief subject to the following: the "party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable; "[t]he surreply must be filed within five days of the filing of the reply brief" and limited to address the request to strike; and the surreply cannot exceed three pages. A response to a surreply is not

DEFENDANT RECOVERY INNOVATION,
INC.'S MOTION FOR LEAVE TO FILE
SURREPLY – PAGE 3

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

permitted unless requested by the court.  LCR 7(g).

Finally, Local Civil Rule 7(d)(2)(A) provides that a party may file a motion for relief from a deadline on the second Friday motion calendar.  LCR(7)d)(2)(A).

**B. <u>Argument</u>.**

In accordance with Civil Rule 1, the Court should grant Defendant's Motion for Leave to File a Surreply to allow Defendant the opportunity to move to strike misleading statements and financial account information in plaintiff's reply and to strike Plaintiff's improper nine-page Opposition to Defendant's Notice of Intent.  Civil Rule 7(f) expressly allows a party to file a surreply brief to allow a party to move to strike portions of the reply brief, provided that the party gives notice of intent, files the surreply within five days, and limits the surreply brief to three pages.  RI filed its notice of intent as soon as practicable, and the attached proposed surreply is three pages.

The only issue for the Court to consider is whether Defendant is entitled to relief from the five-day deadline to file the surreply.  While Defendant's counsel filed the Notice of Intent as soon as practicable, it was unable to file the surreply with the Court within five days of receipt of plaintiff's reply because of out of state travel and other schedule conflicts during that period.  To ensure the Court is fully informed, and in order to secure the just, efficient, speedy, and economical determination of plaintiff's motion for fees and costs, Defendant respectfully requests relief from the deadline to file the attached surreply.

///
///
///
///
///

Dated: November 21, 2016.

DEFENDANT RECOVERY INNOVATION, INC.'S MOTION FOR LEAVE TO FILE SURREPLY – PAGE 4

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

GORDON & REES LLP

By: */s/ David W. Silke*
David W, Silke, WSBA #23761
*/s/ Emily R. Cardenas*
Emily R. Cardenas, WSBA #43180
*/s/Diana P. Danzberger*
Diana P. Danzberger, WSBA #24818
701 5th Avenue, Suite 2100
Seattle, WA 98104
Attorneys for Defendant

DEFENDANT RECOVERY INNOVATION, INC.'S MOTION FOR LEAVE TO FILE SURREPLY – PAGE 5

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Harish Bharti, WSBA #23960
BHARTI LAW GROUP, PLLC
6701 37th Avenue NW
Seattle, WA 98117
Tel: (206)789-4556

Robert J. Gaudet Jr.
RJ Gaudet & Associates, LLC
800 5th Avenue, Suite 4100
Seattle, WA 98104

Dated this 21st day of November, 2016.

/s/Angela M. Kendrick
Angela M. Kendrick, Legal Assistant

DEFENDANT RECOVERY INNOVATION, INC.'S MOTION FOR LEAVE TO FILE SURREPLY – PAGE 6

1110996/30472312v.1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822