UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOYCE A. JEFFERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RECOVERY INNOVATIONS, INC.,<br><br>　　　　Defendant. | CASE NO. C16-5697BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY |

　　　This matter comes before the Court on Plaintiff Joyce Jefferson's ("Jefferson") motion to amend complaint (Dkt. 16) and motion for attorney fees and costs (Dkt. 17) and Defendant Recovery Innovations, Inc.'s ("RI") motion for leave to file surreply (Dkt. 26).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

　　　On August 9, 2016, Jefferson filed a complaint against RI asserting nine causes of action alleging discrimination in the workplace and associated violations.  Dkt. 1.

1  On August 11, 2016, Jefferson filed an amended complaint. Dkt. 6. Jefferson's
2  counsel, Harish Bharti, and RI's counsel, David Silke, exchanged numerous emails
3  regarding whether RI would waive formal service through Mr. Silke. Ultimately, Mr.
4  Silke did not respond to Mr. Bharti, and Mr. Bharti arranged for formal service and filed
5  the instant motion to recover his costs and fees. Dkt. 17. On October 31, 2016, RI
6  responded. Dkt. 21. On November 4, Jefferson replied. Dkt. 21. On November 16,
7  2016, RI filed a notice of intent to file a surreply. Dkt. 24. On November 17, 2016,
8  Jefferson responded to the notice. Dkt. 25. On November 21, 2016, RI filed a motion for
9  leave to file a substantive surreply.[1] Dkt. 26.

10  On October 20, 2016, Jefferson filed a motion to amend her complaint. Dkt. 16.
11  On October 31, 2016, RI responded. Dkt. 1. On November 4, 2016, Jefferson replied.
12  Dkt. 22.

## II. DISCUSSION

**A.    Motion for Fees and Costs**

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. Fed. R. Civ. P. 4(d)(1). If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the

---

[1] The Court grants the motion and will accept the surreply for consideration.

defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2).

In this case, the Court agrees with RI that "[i]t is unfortunate that the Court needs to be involved in these issues . . . ." Dkt. 26 at 3. RI, however, has failed to show good cause for not responding to Jefferson's requests to waive service. On the other hand, Mr. Bharti's requested fees are excessive. Therefore, the Court grants the motion in part on the merits, denies the motion as to the amount requested, and awards $500 for fees and $58 for costs, which RI has appeared to have already paid.

**B.     Motion to Amend**

At this point of the proceeding, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)2).

In this case, Jefferson seeks leave to (1) add named plaintiffs, (2) add named defendants, (3) clarify individual claims, and (4) add class claims based on allegations of failure to pay overtime. Dkt. 16, Exh. A. RI opposes the amendments based on undue delay and prejudice. The Court disagrees with both of these arguments. The case is in its infancy and, at the very least, this is the point of the proceeding when amended complaints should be filed. Therefore, the Court grants Jefferson's motion for leave to file an amended complaint. Jefferson shall file the new complaint as a separate entry on the electronic docket.

1     RI requests that, if the Court grants the motion, the Court also extends the initial

2 deadlines.  Dkt. 18 at 2.  The simplest way to obtain such an extension is file a stipulation

3 setting forth new requested deadlines.  Otherwise, the Court is unable to estimate how

4 much additional time both parties require to accomplish the initial requirements of the

5 case.

6         **III. ORDER**

7     Therefore, it is hereby **ORDERED** that Jefferson's motion to amend complaint

8 (Dkt. 16) is **GRANTED**; Jefferson's motion for attorney fees and costs (Dkt. 17) is

9 **GRANTED in part** and **DENIED in part**; RI's motion for leave to file surreply (Dkt.

10 26) is **GRANTED**.

11     Dated this 13th day of December, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge